UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CH2E NEVADA, LLC,<br><br>                        Plaintiff,<br><br>        v.<br><br>LATIF MAHJOOB, et al.,<br><br>                        Defendants. | Case No. 2:15-cv-00694-JCM-NJK<br><br>ORDER |

Presently before the court is defendants' Latif Mahjoob ("Mahjoob") and American Combustion Technologies of California, Inc. ("ACTI") (collectively "defendants") motion to dismiss. (Doc. # 7). Plaintiff CH2E Nevada, LLC ("CH2E") filed a response in opposition (doc. # 9), and defendants filed a reply. (Doc. # 11).

**I. Background**

The present case arises out of plaintiff's purchase of two high-tech processor systems (the "equipment") from defendants in August, 2012. (Doc. # 1-1). Plaintiff is an energy company which recycles used tires for use in a variety of other rubber products. (Doc. # 9 at 2). Defendant ACTI is a company which designs, manufactures, and sells industrial combustion and burner systems. (Doc. # 1-1 at 5). Defendant Mahjoob is ACTI's founder, president, and chief executive officer. (*Id.*).

In 2012, CH2E entered into discussions with defendants to purchase equipment for the plant it was planning on building in Nevada. (Doc. # 1-1 at 5).

The parties signed a purchase agreement on approximately August 30, 2012[1], when CH2E agreed to purchase a pyrolysis system from defendant ACTI. (Doc. 1-3 at 9). The agreement provided that ACTI would manufacture, deliver, and supervise installation of the equipment at plaintiff's plant, as well as train CH2E's staff on the equipment. (Doc. #1-1 at 7–8).

During negotiations, plaintiff states that defendant Mahjoob made six statements to induce CH2E to purchase the equipment from ACTI. (Doc. # 9 at 2). These statements were that: "(i) ACTI was an experienced designer and manufacturer which understood the capabilities of its equipment; (ii) ACTI had other comparable units operating overseas; (iii) each unit would be able to process two-inch tire shreds; (iv) each unit would be able to process 3.125 tons of tire shreds per hour for 24 hours a day; (v) each unit would reach the promised levels of output; and (vi) both ACTI and [d]efendant Mahjoob personally would support CH2E throughout the commissioning process." (Doc. # 1-1 at 6). Plaintiff alleges that defendant Mahjoob knew, or would have known if he had exercised reasonable care, that these statements were false. (*Id.*)

Plaintiff states that, after it accepted delivery of the equipment, the equipment failed to operate as promised and warranted. (*Id.* at 11). Specifically, plaintiff alleges that it was unable to process two-inch tire shreds as promised, nor was the equipment able to process 3.125 tons of shreds per hour or operate for 24 hours per day. (*Id.*). Plaintiff also alleges that defendants' overseas equipment could not perform at the level CH2E expected. (*Id.* at 5).

Plaintiff states that it notified defendants of the equipment failures in November, 2013. (*Id.* at 13). Defendants attempted numerous repairs on the equipment between November 1, 2013, and October 31, 2014, but the equipment still failed to operate as anticipated. (*Id.*). On November 12, 2014, plaintiff's counsel notified defendants that the equipment failure constituted default under their purchase agreement, CH2E was electing to terminate their agreement, and that CH2E was demanding a refund. (Doc. # 1-2 at 1). On November 18, 2014, defendant Mahjoob sent correspondence to plaintiff advising that ACTI would not refund any of CH2E's payments. (*Id.*).

---

[1] Plaintiff's complaint states that the parties executed the purchase agreement "on or around August 30, 2012." (Doc. # 1-1 at 6). The purchase agreement, however, bears no date. (Docs. # 1-3 and 1-4).

Plaintiff then filed suit in the Eighth Judicial District Court, Clark County, Nevada against Mahjoob and ACTI on March 19, 2015. (Doc. # 1-1). Plaintiff asserted two causes of action against defendant Mahjoob: (1) fraudulent inducement; and (2) negligent misrepresentation. (*Id.*). Plaintiff also asserted seven causes of action against defendant ACTI: (1) fraudulent inducement; (2) negligent misrepresentation; (3) breach of contract; (4) breach of the process warranty; (5) breach of the implied warranty of merchantability; (6) breach of the implied warranty of fitness for a particular purpose; and (7) revocation pursuant to N.R.S. § 104-2608. (*Id.*)

Defendants Mahjoob and ACTI removed the action to federal court on April 16, 2015, under 28 U.S.C. § 1332. (Doc. # 1). Plaintiff is a Nevada limited liability company. (Doc. # 1-1 at 4). Defendant ACTI is a California corporation, and defendant Mahjoob is a citizen of the state of California. (Doc. # 1 at 2–3).

Defendants' motion seeks dismissal of four of plaintiff's causes of action, arguing that plaintiff's complaint lacks sufficient factual allegations to state a claim upon which relief can be granted because plaintiff failed to adequately allege fraud with the requisite specificity. (Doc. # 7).

**II. Legal Standards**

    **A.  Rule 12(b)(6)**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

3

*Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**B.  Rule 9(b)**

Rule 9 provides that for a party to allege fraud, it "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and

economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (*quoting In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted)).

In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme to satisfy the fraud pleadings rule. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

**III. Discussion**

Defendants seek dismissal of four of plaintiff's causes of action: counts one and two, for fraudulent inducement and negligent misrepresentation against defendant Mahjoob, and counts three and four, for fraudulent inducement and negligent misrepresentation against defendant ACTI. (Doc. # 7 at 1). Defendants allege that each of these causes of action sound in fraud, and therefore, are subject to the heightened pleading requirements of FED. R. CIV. P. 9(b). (*Id.* at 3). Defendants state that, because the plaintiff has failed to plead these claims with the required level of specificity, these claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (*Id.*).

Plaintiff responds that it has adequately alleged each of the six specific misrepresentations that defendant Mahjoob made during the parties' negotiations for purchase of the equipment, such that they have satisfied the pleading requirements of FED. R. CIV. P. 9(b). (Doc. # 9 at 2).

**A.  Negligent misrepresentation**

Defendants first argue that plaintiff's second and fourth claims for negligent misrepresentation should be dismissed because, as claims sounding in fraud, they fail to meet the heightened pleading standards of FED. R. CIV. P. 9(b). (Doc. # 7 at 3). Plaintiff states that, when considering its complaint as a whole, it has alleged six specific misrepresentations of defendants which satisfy rule 9(b). (Doc. # 9 at 2).

Fraud is an "essential element" of a negligent misrepresentation claim. *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1169-70 (D. Nev. 2005). Therefore, the heightened pleading standard for allegations of fraud required by FRCP 9(b) also applies to plaintiff's claims for negligent misrepresentation.

Defendants additionally cite to *Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148 (Nev. 2013), as corrected (Aug. 14, 2013), to support their position that plaintiff's claims for negligent misrepresentation are barred by the economic loss doctrine because CH2E suffered only economic losses, which should instead be resolved under plaintiff's claims for breach of contract. (Doc. # 11 at 8–9).

The economic loss doctrine draws a line between contract law, "'which is designed to enforce the expectancy interests of the parties, and tort law . . . .'" *Calloway v. City of Reno*, 116 Nev. 250, 256-57 (2000) superseded by statute, as held in *Olson v. Richard*, 120 Nev. 240, 241-44 (2004) (*quoting* Sidney R. Barret, Jr. Recovery of Economic Loss in Tort for Construction Defects: A Critical Analysis, 40 S.C. L.Rev. 891, 894-95 (1989)).

The economic loss doctrine bars a plaintiff from recovering "purely economic losses" as result of an unintentional tort. *Terracon Consultants Western, Inc. v. Mandalay Resort Group*, 206 P.3d 81, 86 (2009) (*citing Local Joint Exec. Bd. v. Stern*, 98 Nev. 409, 411 (1982).). Thus, the economic loss doctrine prevents a plaintiff from asserting contract claims "cloaked in the language of a tort." *Giles v. General Motors*, 494 F.3d 865, 872 (9th Cir. 2007). In *Halcrow*, the Nevada Supreme Court held that negligent misrepresentation, as an unintentional tort, falls outside of the exceptions to the economic loss doctrine, noting that "'any duty breached arises from the contractual relationship only.'" 302 P.3d at 1154 (*quoting Terracon*, 206 P.3d at 90 (2009)).

As the parties herein enjoy privity of contract, the economic loss doctrine applies to any claims of negligence. *See Local Joint Exec. Bd. v. Stern*, 98 Nev. 409, 410-11, 651 P.2d 637, 638 (1982). However, if the plaintiff suffered physical damage to property other than the equipment it purchased from defendants, the economic loss doctrine does not bar such claims. *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986).

Plaintiff's complaint contains several allegations of the equipment failing to operate as promised (doc. # 1-1 at 13), and states that it was "forced to lay off nearly all of its employees and independent contractors at [its p]lant." (Doc. # 1-2 at 1). Plaintiff further states that the equipment's failure caused it to suffer lost profits and customers. (Doc. # 1-1 at 11). However, plaintiff does not make any allegations personal injury or of physical damage to property as a result of

6

defendants' equipment. Accordingly, the economic loss doctrine bars plaintiff from bringing any unintentional tort-based claims, including negligent misrepresentation. Therefore, plaintiff's second and fourth causes of action for negligent misrepresentation are dismissed.

### B. Fraudulent inducement

Plaintiff's complaint alleges that defendant Mahjoob, acting on behalf of defendant ACTI, made six false statements to CH2E during their negotiations in 2012. (Doc. # 1-1 at 5–6). Therefore, plaintiff's claims for fraudulent inducement against defendant Mahjoob and defendant ACTI necessarily rest upon the same alleged false statements.

Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess*, 317 F.3d at 1106. Here, plaintiff's complaint identifies that it was defendant Mahjoob who made the false statements to CH2E. Plaintiff also describes the substance of each of these statements and identifies what was false about each of them. However, the plaintiff fails to identify how and when each of the statements were made.

The allegations in plaintiff's complaint fall short of the particularity requirement when pleading fraud under Rule 9(b). Therefore, plaintiff's first and third causes of action for fraudulent inducement are dismissed without prejudice.

**IV. Conclusion**

This court finds that the economic loss doctrine bars plaintiff from bringing claims for negligent misrepresentation. Therefore, plaintiff's second and fourth causes of action are dismissed. This court further finds that the allegations supporting plaintiff's claims for fraudulent inducement lack the particularity required under FED. R. CIV. P. 9(b). Therefore, plaintiff's first and third causes of action are dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 7) be, and the same hereby is, GRANTED.

/ / /

/ / /

/ /

7

IT IS FURTHER ORDERED that plaintiff's first and third claims for fraudulent inducement be, and the same hereby are, DISMISSED without prejudice.

DATED THIS 21st day of October, 2015.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE