Abran E. Vigil
Nevada Bar No. 7548
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Telephone: 702.471.7000
Facsimile: 702.471.7070
Email: vigila@ballardspahr.com

Peter L. Haviland
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067
Telephone: 424.204.4321
Facsimile: 424.204.4350
havilandp@ballardspahr.com

Roger P. Thomasch
Gregory P. Szewczyk
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
Telephone: 303.292.2400
Facsimile: 303.296.3956
thomasch@ballardspahr.com
szewczykg@ballardspahr.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CH2E NEVADA, LLC, a Nevada limited liability company, | Case No. 2:15-cv-00694-JCM-NJK |
| Plaintiff, | |
| v. | **DECLARATION OF GREGORY P. SZEWCZYK IN SUPPORT OF CH2E'S MOTION TO COMPEL AMERICAN COMBUSTION TECHNOLOGY INC. TO PRODUCE REQUESTED DOCUMENTS** |
| LATIF MAHJOOB, an individual; AMERICAN COMBUSTION TECHNOLOGY INCORPORATED, a California corporation; DOES 1-X; and ROE COMPANIES XI-XX, inclusive, | |
| Defendants. | |

I, Gregory P. Szewczyk, declare as follows:

1. My name is Gregory P. Szewczyk. I am over eighteen (18) years of age, and I am fully competent to testify to the matters set forth herein. I make this Declaration based upon my

own personal knowledge.

2. I am an attorney with the law firm of Ballard Spahr LLP. I am licensed to practice law and in good standing in the State of Colorado and the State of New York. On July 16, 2015, the United States District Court for the District of Nevada entered an order granting me permission to practice in the United States District Court for the District of Nevada for this case. [ECF No. 24].

3. I am counsel of record for Plaintiff CH2E Nevada, LLC ("CH2E") and make this Declaration in support of CH2E's Motion to Compel American Combustion Technology Inc. ("ACTI") to Produce Requested Documents.

4. On June 16, 2016, Roger P. Thomasch of Ballard Spahr LLP sent a letter to counsel for ACTI identifying various deficiencies in ACTI's Responses (the "Responses") to CH2E's Second Set of Document Requests to Defendant ACTI (the "Requests") and requesting that ACTI produce a privilege log for the documents it has withheld on assertions of privilege. A true and correct copy of the June 16, 2016 letter is attached hereto as Exhibit 1.

5. On July 5, 2016, counsel for CH2E received a letter from counsel for ACTI responding to the June 16, 2016 letter. A true and correct copy of the July 5, 2016 letter is attached hereto as Exhibit 2.

6. On August 3, 2016, J. Matthew Thornton of Ballard Spahr LLP sent an email to counsel for ACTI requesting that ACTI produce documents responsive to the Requests that ACTI had already agreed to produce in the Responses and in the July 5, 2016 letter. A true and correct copy of the August 3, 2016 email is attached hereto as Exhibit 3.

7. On August 5, 2016, ACTI responded to the August 3, 2016 email by producing one Microsoft Excel spreadsheet.

8. On August 24, 2016, I sent an email to counsel for ACTI requesting, among other things, that ACTI produce the documents responsive to specific Requests to which ACTI objected. A true and correct copy of the August 24, 2016 email is attached hereto as Exhibit 4.

9. On August 29, 2016, counsel for CH2E received an email from counsel for ACTI responding to the August 24, 2016 email. A true and correct copy of the August 29, 2016 email

is attached hereto as Exhibit 5.

10. On August 31, 2016, I conferred telephonically with counsel for ACTI (who is located in California) regarding the discovery disputes relating to the Responses. During the telephonic conferral, I explained that the terms of the Stipulated Protective Order expressly prohibit the very concerns ACTI has articulated. Counsel for ACTI would not agree to produce the complete and detailed design drawings, but stated that he would confer with his client to see if a compromise could be reached. Counsel for ACTI also stated that the alleged conversation between his client and the CH2E investor occurred several years ago.

11. On September 8, 2016, I again conferred telephonically with counsel for ACTI (who is located in California) regarding the discovery disputes relating to the Responses. During the telephonic conferral, counsel for ACTI stated that ACTI would agree to produce one copy of the complete design drawings, but only if the parties amended the Stipulated Protective Order to include an additional "attorneys eyes only" level of protection which included a restriction whereby no copies of the design drawings could be made—including prohibiting copies to be used by CH2E's outside counsel team. I stated that I would confer with my client to determine whether it would accept the offer.

12. On September 27, 2016, I informed counsel for ACTI via email that CH2E could not agree to the "no-copy, attorneys eyes only" modification and that the parties were at an impasse.

13. On September 28, counsel for ACTI stated that he would be out of the country until October 7, but asked for additional explanation for why CH2E would not agree to a "no-copy, attorneys' eyes only" modification.

14. On October 12, I informed counsel for ACTI via email that CH2E could not agree to the "no-copy, attorneys' eyes only" modification because it would be prejudicial to CH2E's trial preparation and to the ability to CH2E's counsel, which operates out of more than one geographic office.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1747, that the foregoing is true

DMWEST #14801684 v1            3

1  and correct to the best of my knowledge, information and belief.
2  Respectfully submitted this 18th day of October, 2016.

4                                          /s/ *Gregory P. Szewczyk*
                                            Gregory P. Szewczyk

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28