## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CH2E NEVADA LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cv-00694-JCM-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| LATIF MAHJOOB, et al., ) | (Docket No. 55) |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's motion to compel Defendant American Combustion Technology, Inc. to produce certain documents. Docket No. 55. Defendant filed a response, and Plaintiff filed a reply. Docket Nos. 57, 61. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

This action arises out of a business dispute. *See* Docket No. 1-1 at 2-4. Plaintiff purchased specialized equipment from Defendants, which allegedly did not perform as promised. *Id.* at 3-4.

Additionally, Defendants did not provide certain documents that Plaintiff asserts they were contractually required to provide. *Id.* Plaintiff therefore brought claims for fraudulent inducement, negligent misrepresentation, breach of contract, breach of warranty, and revocation pursuant to section 104.2608 of the Nevada Uniform Commercial Code. Docket No. 1-2 at 2-11.

At issue in the instant motion are certain documents that Plaintiff submits it needs in order to successfully prosecute the case. *See, e.g.*, Docket No. 55 at 7. Defendant's primary objection to the requested discovery is that, it submits, the information Plaintiff seeks constitutes a trade secret. *See* Docket Nos. 55 at 7, 57 at 8-9. Plaintiff asserts that Defendant cannot object to discovery on that basis because the current stipulated protective order was entered specifically to allow for discovery of such documents. *See, e.g.*, Docket No. 55 at 2-3; Docket No. 61 at 5.

## II.   DISCUSSION

"[T]here is no absolute privilege for trade secrets and similar confidential information." *Fed. Open Mkt. Comm. of the Fed. Reserve*, 443 U.S. 340, 362 (1979) (citation and quotation marks omitted). Nonetheless, courts must weigh claims of privacy against the need for disclosure. *See* Fed. R. Civ. P. 26(c) advisory committee's notes to 1970 amendment. If it is established that the discovery at issue constitutes a trade secret, the party seeking discovery bears the burden of demonstrating that "disclosure is relevant and necessary to the presentation of [the party's] case." *Hartley Pen Co. v. U.S. Dist. Ct.*, 287 F.2d 324, 328 (9th Cir. 1961); *see also DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 459-60 (C.D. Cal. 2002) (citing *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991)). If the party seeking discovery meets this burden, the court will then examine whether any potential injury outweighs that party's need for the discovery. *See Trone*, 209 F.R.D. at 459 (citing *Remington*, 952 F.2d at 1032).

The first request at issue is for "[a]ll calculations, designs, drawings, schematics and other Documents relating to the design of the Equipment described in the Mahjoob Transcript at 188:10-189:20 and 236:21-237:4." Docket No. 55-6 at 7. The second is for "[a]ll calculations, designs, drawings, schematics and other documents relating to the design of the Pilot Unit." *Id.* at 8. The

third is for "[a]ll calculations, designs, drawings, schematics and other Documents relating to the design of the burner box as described in the Mahjoob Transcript at 302:19-304:8." *Id.*

Plaintiff submits that the information it seeks is relevant and crucial to multiple claims in this case. *See* Docket No. 55 at 10-11, 13-14. Defendant responds that Plaintiff is seeking manufacturing documents, which are not relevant or necessary to prosecuting the case, because Plaintiff already possesses design documents. *See, e.g.*, Docket No. 57 at 9. Plaintiff replies that the documents at issue are relevant to Plaintiff's claim that the equipment, as a whole, cannot function as promised. *See, e.g.*, Docket No. 61 at 3.

The Court agrees with Plaintiff. Plaintiff's complaint alleges that Defendants provided equipment that, "as designed and *manufactured*," cannot "function at the levels promised and warranted by Defendants." Docket No. 1-1 at 4 (emphasis supplied). The information Plaintiff seeks is relevant and necessary to determining whether manufacturing defects exist.

Turning to whether the potential injury to Defendant outweighs Plaintiff's need for the discovery at issue, Defendant submits that Plaintiff's motives in seeking this information are suspect. *See, e.g.*, Docket No. 57 at 2, 12. Defendant therefore asserts that if the Court grants Plaintiff's motion to compel, then the Court should amend the parties' stipulated protective order. *See id.* at 12-13. The Court finds that the current stipulated protective order adequately addresses Defendant's concerns by restricting the ways in which the parties may use confidential discovery material. *See* Docket No. 26 at 2. The Court will not assume that Plaintiff's counsel would breach the duty of an officer of the court by using, or enabling others to use, Defendant's proprietary information for personal gain. Nor will the Court assume that Plaintiff's experts would breach their obligations to the parties.

Accordingly, Plaintiff's motion to compel (Docket No. 55) is hereby **GRANTED**. Defendant must produce any and all documents responsive to Request Nos. 31, 32, and 33, no later than December 19, 2016.

Defendant's request for attorneys' fees and costs is hereby **DENIED**.

1       Plaintiff's request for attorneys' fees and costs is hereby **DENIED** without prejudice.  The
2  parties shall meet-and-confer on whether attorneys' fees and costs are appropriate and, if so, an
3  amount of attorneys' fees and costs that should be provided to Plaintiff.  If the parties cannot come
4  to a resolution, Plaintiff may file a motion for attorneys' fees and costs no later than December 20,
5  2016.  That motion must be complete and comply with all local and federal rules, and must further
6  contain an explicit indication whether Plaintiff seeks attorneys' fees and costs against Defendant,
7  Defendant's counsel, or both, *see* Fed. R. Civ. P. 37(a)(5)(A) (attorneys' fees may be imposed
8  against a party, his attorney, or both).
9       IT IS SO ORDERED
10      DATED: December 5, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge