# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CH2E NEVADA LLC, | |
| Plaintiff, | Case No. 2:15-cv-00694-JCM-NJK |
| vs. | ORDER |
| LATIF MAHJOOB, et al., | (Docket No. 68) |
| Defendants. | |

Pending before the Court is Plaintiff's motion for attorney fees. Docket No. 68. Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 73, 74. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED** without prejudice.

## I. OVERVIEW

The pending motion for attorney fees arises out of Plaintiff's motion to compel, which the Court granted. *See* Docket Nos. 55, 64. Although Plaintiff requested expenses as part of its motion, *see* Docket No. 55 at 14, the Court denied that request without prejudice. Docket No. 64 at 4. The Court ordered the parties to meet and confer as to whether attorneys' fees and costs are appropriate and, if so, an amount that should be provided to Plaintiff. *Id.* The parties met and conferred, but were not able to resolve the issue. *See* Docket No. 68 at 2-3.

## II. ENTITLEMENT TO RECOVER EXPENSES

Defendant submits that the Court should not award Plaintiff attorneys' fees and costs because Defendant's objections in opposing the motion to compel were substantially justified. Docket No.

73 at 5-8. Even where a motion to compel is granted in full, the Court should not award expenses where the "opposing party's nondisclosure, response, or objection was substantially justified." Rule 37(a)(5)(A)(ii).[1] "The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified." *Am. Gen. Life Ins. Co. v. Futrell*, 2012 WL 4962997, at *1 (D. Nev. Oct. 16, 2012). Substantial justification exists when the losing party has shown that there is a genuine dispute or that reasonable people could differ as to the appropriateness of the contested action. *Id.* (quoting *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993)).

The Court finds that Defendant has not met its burden of showing that its discovery conduct was substantially justified. Defendant's opposition to providing the discovery at issue centered on the relevance and sensitive nature of the material requested. *See, e.g.*, Docket No. 64 at 3. First, the Court finds that reasonable minds could not differ as to the relevance of the discovery sought. *See, e.g.*, *id.* Second, as Plaintiff notes, Defendant could not reasonably assert that the protective order already in place – which resulted from its own negotiations with Plaintiff – was insufficient to safeguard its information. *See, e.g.*, Docket No. 74 at 2-3. The Court thus concludes that Plaintiff is entitled to recover its expenses in bringing the motion to compel.

### III. LODESTAR CALCULATION

Having determined that Plaintiff is entitled to recover its expenses in bringing its motion to compel, the Court turns to the calculation of the fees. Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

The party requesting attorneys' fees must show, *inter alia*, that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably

---

[1] Unless otherwise stated, references to "Rules" denote the Federal Rules of Civil Procedure.

comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, at *2 (D. Nev. Oct. 20, 2015) (report and recommendation adopted by Navarro, C.J.). "Courts awarding attorneys' fees in intellectual property or other complex cases routinely award fees based on rates within that range." *Id.*

      The Court finds the pending motion and supporting materials insufficient to conduct the lodestar analysis at this time. The attached declaration indicates that Mr. Vigil has 16 years of experience as an attorney, and has garnered various honors. Docket No. 68 at 9-10. The declaration provides information about Ballard Spahr's reputation as a whole, and asserts that the attorneys' rates in this case are "consistent" with "rates customarily charged in the Las Vegas, Nevada metropolitan area." *Id.* This is insufficient. Plaintiff seeks to recover fees charged by five different attorneys working on a single motion to compel: Abran E. Vigil, Roger P. Thomasch, Peter Haviland, Gregory P. Szewczyk, and J. Matt Thornton. *Id.* at 10-11. The motion for attorneys' fees itself only specifies Mr. Vigil's position, and vaguely refers to the individuals who worked on the motion as "attorneys at different year levels." *See id.* at 4-5. Additionally, no declaration was filed specifying the positions held by anyone other than Mr. Vigil, let alone evidencing their skill, experience, and reputation such that the Court can determine the reasonableness of the rates sought. This shortcoming is especially problematic given that it appears the rates sought are significantly higher than the prevailing rates in this District. *See, e.g.*, *Crusher Designs*, 2015 WL 6163443, at

1  *2.

2  Accordingly, the pending motion for attorneys' fees is hereby **DENIED** without prejudice.
3  Docket No. 68. Any renewed motion shall be filed no later than February 10, 2017, and shall
4  provide all information necessary under the Rules and the caselaw for the Court to conduct a proper
5  lodestar analysis. If a renewed motion is filed that fails to comply in full with the Rules and the
6  caselaw, the Court will deny Plaintiff's request for fees.

7  IT IS SO ORDERED.

8  DATED: January 30, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

4