UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CH2E NEVADA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-00694-JCM-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LATIF MAHJOOB, et al., | ) | (Docket No. 76) |
| | ) | |
| Defendants. | ) | |

On December 5, 2016, the Court granted Plaintiff's motion to compel and denied without prejudice its request for attorneys' fees. Docket No. 64. The Court ordered the parties to meet and confer on whether attorneys' fees and costs were appropriate and, if so, the amount that should be provided to Plaintiff. *Id.* at 4. The Court invited Plaintiff to file a renewed motion for attorneys' fees no later than December 20, 2016, in the event the parties were unable to come to a resolution. *Id.*

On December 20, 2016, because the parties were unable to resolve the issue, Plaintiff filed a renewed motion for attorneys' fees, which the Court denied without prejudice on January 30, 2017. Docket Nos. 68, 75. Though the Court determined that Plaintiff was entitled to attorneys' fees, the Court found that it had insufficient information to conduct the necessary analysis as to the amount. Docket No. 75 at 2-3. The Court allowed Plaintiff to file a renewed motion that contained all information necessary for the Court to conduct the proper analysis, no later than February 10, 2017. *Id.* at 4.

Now pending before the Court is Plaintiff's renewed motion for attorneys' fees. Docket No. 76. Defendant American Combustion Technologies of California, Inc. ("ACTI") filed a response, and Plaintiff filed a reply. Docket Nos. 77, 78. The Court finds this motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **ORDERS** Defendant ACTI to pay Plaintiff attorneys' fees in the amount of $3,020 within 30 days of the issuance of this order.

**I.   DISCUSSION**

Because the Court has already determined that Plaintiff is entitled to attorneys' fees, *see* Docket No. 75 at 2, the only issue is the calculation of the fees. Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

   A.   REASONABLE HOURS

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433.

With respect to attorneys' fees arising out of a motion to compel discovery, recoverable fees include those "incurred in making the motion [to compel]." Fed. R. Civ. P. 37(a)(5)(A). In making the determination of the reasonableness of hours expended on such motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

The pending motion outlines 29.3 hours that Plaintiff asserts were reasonably incurred in bringing the motion to compel. *See, e.g.*, Docket No. 76-1 at 2, 8-9, 15-17, 19, 30-31, 36-37, 42, 47. The parties dispute the reasonableness of these hours and the propriety of including certain hours in a fee award at all. For the reasons discussed more fully below, the Court finds a portion of the requested hours reasonably spent.

### i. Meet and Confer Process

Plaintiff seeks to recover 10.2 hours of work associated with the meet and confer process. *See* Docket No. 76-1 at 8-9, 15-16, 31, 36-37, 42.[1] Defendant ACTI submits that Plaintiff is not entitled to fees for time spent meeting and conferring. Docket No. 77 at 5-6. "The local rules require counsel to meet and confer before filing any discovery motion in an effort to resolve disputes. As such, fees associated with the initial meet and confer process logically should not always be included in the fee award." *Aevoe Corp. v. AE Tech Co., Ltd.*, 2013 WL 5324787, at *6 (D. Nev. Sept. 20, 2013) (internal quotation marks and alteration omitted) (quoting *Matlink, Inc. v. Home Depot U.S.A., Inc.*, 2008 WL 8504767, at *5 (S. D. Cal. Oct. 27, 2008)). "To that end, attorneys' fees are generally not awarded in this District for time spent meeting and conferring on motions to compel." *Id.* (internal citations omitted). The Court therefore finds that attorneys' fees for the time spent meeting and conferring are not recoverable.

---

[1] The billing entry dated September 27, 2016, accounts for time spent drafting the motion to compel, as well as time spent sending a conferral e-mail to opposing counsel. *See id.* at 37. The Court therefore apportions .2 hours to the meet and confer process, and .7 hours to preparation of the motion to compel.

### ii.   Drafting the Motion to Compel

Plaintiff seeks to recover 14.4 hours spent researching and drafting the motion to compel. *See* Docket No. 76-1 at 15-17, 19, 30-31, 37, 42. This encompasses 12.8 hours of work by attorney Gregory Szewczyk and 1.6 hours of work by attorney Abran Vigil. *See id.* The motion to compel contains roughly 15 pages of argument. *See* Docket No. 55. Plaintiff also submitted exhibits and a declaration in support of the motion. *See* Docket Nos. 55-1–55-7, 56. Although Plaintiff submits that "Defendant significantly increased the difficulty and complexity of the motion to compel by raising a variety of defenses," Docket No. 76 at 5, the Court finds the discovery issues raised in the motion straightforward. The motion itself cites very little authority and, thus, it does not appear that extensive research was required. *See* Docket No. 55.

In reviewing Plaintiff's billing records, the Court finds that the hours requested for drafting the motion are excessive. As Defendant ACTI submits, in addition to the straightforward nature of the issues presented in the motion, Plaintiff began drafting it even before meeting and conferring with Defendant and spent a significant amount of time revising it as the meet and confer process progressed. *See* Docket No. 77 at 5-8; Docket No. 76-1 at 15-17. As a result, much of the research and writing set forth in the billing records encompasses issues that the parties ultimately resolved among themselves. The Court therefore finds that the four billing entries related to preparing the motion from June 15, July 1, July 12, and July 13, 2016 are not reasonable. *See id.*; *see also, e.g.*, *Hensley*, 461 U.S. at 433 (District Court has discretion to exclude unnecessary hours). Thus, the Court concludes that the reasonable hours spent researching and drafting the motion to compel are 7.1 hours for Mr. Szewczyk and 1.2 hours for Mr. Vigil.

### iii.   Drafting the Reply

Plaintiff seeks to recover attorneys' fees for 4.7 hours that Mr. Szewczyk spent preparing the reply brief to the motion to compel. *See* Docket No. 76-1 at 47. Defendant ACTI does not appear to dispute the reasonableness of these particular hours. *See* Docket No. 77. The Court, however, has an independent obligation to determine the reasonableness of the time spent. The reply consists

of six substantive pages. Docket No. 61. The arguments are not complicated. The Court therefore finds that Mr. Szewczyk reasonably spent three hours preparing the reply brief.

B.   HOURLY RATE

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

In this case, Plaintiff seeks an hourly rate of $544.50 for Mr. Vigil, an attorney with over 16 years of experience. *E.g.*, Docket No. 76-1 at 2. Plaintiff seeks an hourly rate of $396 for Mr. Szewczyk, an attorney with over 7 years of experience. *E.g.*, *id.* Plaintiff provides biographical information for these two attorneys, including their education and some of their accomplishments. *Id.* at 2-3, 52-55, 57-60. Defendant ACTI submits that the hourly rates sought are excessive. *See, e.g.*, Docket No. 77 at 8-9.

The Court declines to calculate the lodestar at these requested rates. In asserting that these rates are reasonable, Plaintiff relies primarily upon similar rates awarded in a state arbitration. *See, e.g.*, Docket No. 76 at 6-7; Docket No. 76-1 at 67-73. As Defendant ACTI submits, however, there is ample case law establishing that the upper range of the prevailing rates in this District is $450 for

partners and $250 for experienced associates. Docket No. 77 at 8-9; *see also Sinayan v. Luxury Suites Int'l, LLC*, 2016 WL 4394484, at *4 & n.4 (D. Nev. Aug. 17, 2016) (Navarro, C.J.) (collecting cases). In this case, the Court finds an appropriate hourly rate for Mr. Vigil to be $375. *Cf. Kiessling v. Det. Rader P#6099*, 2017 WL 1128605, at *3 (D. Nev. Mar. 24, 2017). The Court finds an appropriate hourly rate for Mr. Szewczyk to be $250. *Cf. Kraja v. Bellagio, LLC*, 2016 WL 5329579, at *2 (D. Nev. Sept. 21, 2016).

### C.     FEES TO BE AWARDED

In light of the reasonable hours and rates determined above, the Court hereby calculates the lodestar as follows:

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| G. Szewczyk | 10.1 | $250 | $2,525 |
| A. Vigil | 1.2 | $375 | $495 |

Accordingly, the Court finds a lodestar amount of $3,020.[2]

## II.     CONCLUSION

For the reasons discussed above, Plaintiff's renewed motion for attorneys' fees, Docket No. 76, is **GRANTED** in part and **DENIED** in part. The Court **ORDERS** Defendant ACTI to pay Plaintiff attorneys' fees in the amount of $3,020 within 30 days of the issuance of this order.

IT IS SO ORDERED.

DATED: March 31, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Defendant ACTI submits that any fee award should be offset by the time it spent opposing the instant motion because Plaintiff previously failed to properly apply the relevant rules and law. Docket No. 77 at 9-10. Defendant provides no authority to support this request. Accordingly, the Court need not address it. *See, e.g., Kor Media Grp., LLC*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).