# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CH2E NEVADA LLC, | Case No. 2:15-cv-00694-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| LATIF MAHJOOB, et al., | (Docket No. 97) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for status conference. Docket No. 97. Plaintiff filed its motion for status conference on November 2, 2017. *Id.* Plaintiff requests the Court to hold a status conference to discuss Defendant American Combustion Technologies of California, Inc.'s ("ACTI") failure to confirm a noticed deposition set to take place on November 7, 2017. *Id.* at 2. Plaintiff also requests the status conference to discuss ACTI's "threatened bankruptcy and fraudulent conveyances to its new company...." *Id.* The Court construes Plaintiff's motion for status conference as an attempt to file an emergency motion. However, Plaintiff failed to follow the appropriate technical and substantive requirements for an emergency motion.

Emergency motions must as a threshold matter meet several technical requirements outlined in the local rules. *See, e.g.*, Local Rule 26-7(d) (emergency discovery motions must satisfy the requirements outlined in Local Rule 7-4). First, the face of the motion itself must be entitled an "Emergency Motion" so the Court has prompt notice that expedited relief is being requested. Local Rule 7-4(a). Second, the emergency motion must be accompanied by an affidavit providing several key facts

necessary for the Court to determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most efficient resolution. *Id.* This affidavit must include a detailed description of the nature of the emergency. *See id.* The affidavit must also provide the contact information (telephone number and office addresses) of the movant and all other affected parties. *See id.* The affidavit must also provide a certification that, despite personal consultation and sincere effort to do so, the movant was unable to resolve the matter without court action. *See, e.g.*, Local Rule 7-4(a)(3). If the circumstances are such that personal consultation is truly not possible, the movant must provide a detailed explanation why that is the case so the Court can evaluate whether to exercise its discretion to decide the motion despite the lack of a proper pre-filing conference. *See id*. Similarly, if no notice whatsoever was provided to the opposing party regarding the filing of the motion, the affidavit must include a detailed explanation of why it was not practicable to provide that notice. *See id.* Concurrently with the filing of an emergency motion, or promptly thereafter, the movant must inform the courtroom administrators of the assigned judges that the motion was filed. Local Rule 7-4(d).

If these technical requirements are not met, the emergency motion may be denied. Local Rule 7-4(b). If these technical requirements are met, the Court will turn to the substantive requirements for filing an emergency motion. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. *See* Local Rule 7-4(c). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule; and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, at 1142 (D. Nev. 2015) (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, at 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "it is the creation of the crisis–the necessity for bypassing regular motion

procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. 191, at 193 (C.D. Cal. 1989); *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

In this instance, Plaintiff has failed to comply with any of the requirements for filing an emergency motion.[1] Accordingly, the Court **DENIES** Plaintiff's motion for status conference.

IT IS SO ORDERED.

DATED: November 6, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The motion also suffers from numerous substantive deficiencies, which the Court does not reach herein.