# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CH2E NEVADA LLC,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>LATIF MAHJOOB, et al.,<br><br>　　　Defendant(s). | Case No.: 2:15-cv-00694-JCM-NJK<br><br>**REPORT AND RECOMMENDATION** |

This matter comes to the Court on the failure of Defendant American Combustion Technologies of California, Inc. to retain counsel and to respond to the Court's order to show cause issued on September 14, 2018.

On July 19, 2018, the Court allowed Defendant's attorney to withdraw and ordered Defendant to retain new corporate counsel, who must file a Notice of Appearance no later than August 20, 2018. Docket No. 121. Defendant failed to comply. *See* Docket. The Court subsequently warned Defendant it must comply with the Court's orders, and again ordered Defendant to file its notice of appearance by new counsel by September 5, 2018. Docket Nos. 125. 126. Defendant again failed to comply. *See* Docket.

On September 14, 2018, the Court ordered Defendant to show cause in writing, no later than October 5, 2018, why default judgment should not be entered for failing to comply with the Court's orders and/or for failing to retain new counsel. Docket No. 126. The Court warned

Defendant that "failure to respond to this order will result in a recommendation of default judgment." Docket No. 127 at 2.

To date, no notice of appearance by an attorney for Defendant has been filed. Further, Defendant has not responded to the Courts order to show cause, or requested an extension of the deadline to do so. *See* Docket. Defendant's willful failure to comply with the Court's orders and to retain counsel is an abusive litigation practice which interferes with the Court's ability to hear this case, delays litigation, wastes judicial resources, and threatens the integrity of the Court's orders and the administration of justice.

The Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting,* 3 F.3d 1244, 1245 (9th Cir. 1993). Sanctions less drastic than default judgment are unavailable here because Defendant has willfully refused to comply with the Court's orders and to obtain counsel in order to continue to participate in the case at hand.

Accordingly, the undersigned **RECOMMENDS** that default judgment be entered against Defendant.

IT IS SO ORDERED.

Dated: October 23, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified

time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).