**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CH2E NEVADA, LLC, | Case No. 2:15-CV-694 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| LATIF MAHJOOB, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff CH2E Nevada, LLC's ("CH2E") "motion for default judgment." (ECF No. 131). Defendant American Combustion Technologies of California, Inc. ("ACTI") has not filed a response, and the time to do so has passed.

Importantly, the court has already granted CH2E's motion for default judgment.[1] (ECF No. 130). Accordingly, the only matter left to resolve is the calculation of damages pursuant to FRCP 55(b). *See* Fed. R. Civ. P. 55(b).

In support of its damages calculation, CH2E has submitted a declaration by its managing director/chief operating officer, James Kostura, and a copy of the underlying purchase agreement ("agreement") between CH2E and ACTI. (ECF Nos. 131-1, 131-2). ACTI entered into the agreement to purchase two pyrolysis units (the "units") from CH2E, each capable of "processing 3.125 tons of shredded tire per hour for 24 hours a day." (ECF No. 131 at 2).

Section 4 of the agreement, entitled "Time for Completion," provides that in order to complete the sale, ACTI "shall satisfy each of the Milestones in accordance with the schedule

---

[1] The court has previously held that ACTI's systematic failure to participate in this action following its counsel's withdrawal, despite numerous orders and sanctions imposed by the court, warranted the entry of default judgment against ACTI. *See* (ECF Nos. 128, 129).

and time set forth in Section 4 of Exhibit A (the 'Timeline')." (ECF No. 131-2 at 4). Section 8.1.2 of the agreement provides that failure to complete the sale in compliance with the Timeline constitutes a "Seller Default" by ACTI. *Id.* at 5.

Section 8.2.3 of the agreement provides that "[u]pon a Seller Default, [CH2E] shall be entitled, at its option, to . . . terminate this [] Agreement, in whole or in part, for all or any portion of the Equipment, with immediate effect upon written notice . . ." *Id.*

The agreement also contains a "Process Warranty for Pyrolysis and Liquefaction System" (the "process warranty") which provides that "the Equipment is warranted by [ACTI] to provide the throughput and product yields indicated in the chart below." *Id.* at 16. The process warranty chart states that the units would operate 24 hours per day, at a rate of 3.125 tons per hour per system, and process 75 tons of tire per system per day. *Id.*

The agreement further provides that if the units:

> in any way fail to conform to this Purchase Agreement and [CH2E] requires replacement of such defective item, [ACTI] shall, at its expense, promptly replace the nonconforming item and pay for all related expenses . . . If [ACTI] fails to timely deliver replacement Equipment, [CH2E] may replace them with items from a third party and charge [ACTI] the cost thereof and/or have the right to deduct these costs from the final payment.

*Id.* at 21.

An invoice provided by ACTI demonstrates that it paid CH2E at least $9,804,000.00 pursuant to the agreement to purchase the units. (ECF No. 131-3); *see also* (ECF No. 131-1). However, between November 2013 and October 2014, ACTI failed to properly repair or replace the units, which had failed to operate at the warranted levels. (ECF No. 131-1). As a result, CH2E incurred at least $2,078,649.91 in costs paid to third parties in its attempt to cure the defective and non-conforming units. (ECF No. 131-1); *see also* (ECF No. 131-4).

Thereafter, on November 12, 2014, counsel for CH2E provided written notice to ACTI that ACTI was in default under the agreement, CH2E was electing to terminate the agreement, and ACTI was obligated to provide a refund of certain amounts paid. (ECF No. 131-1). The letter also noted that ACTI had breached the process warranty and reserved all rights to seek appropriate relief. *Id.* ACTI responded on November 18, 2014, and refused to honor its obligations under the agreement. *Id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly, CH2E filed the instant suit to recover its damages. During the course of litigation, the court awarded CH2E $3,020 in attorneys' fees relating to a motion to compel and ordered ACTI to pay this sum within 30 days. (ECF No. 84). CH2E requests that the court add this sum to CH2E's total damages award for ACTI's failure to pay the attorneys' fees award. (ECF No. 131).

CH2E therefore requests that the clerk enter judgment in the amount of $11,885,669.91, which represents the $11,882,649.91 owed for ACTI's breaches of the agreement and the unpaid $3,020.00 in attorneys' fees awarded by the court. (ECF No. 131). Because ACTI has not disputed CH2E's calculation of damages, and because such calculation comports with the terms of the agreement (and the court's previous order granting attorneys' fees), the court finds that CH2E was damaged in the amount of $11,885,669.91.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default judgment (ECF No. 131) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that CH2E shall prepare a proposed judgment consistent with this order and submit it to the court within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

DATED March 29, 2019.

_____
UNITED STATES DISTRICT JUDGE